IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:08-918-HMH |
| vs. | ) | |
| | ) | |
| Andrea Demetrius Shumate, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Andrea Demetrius Shumate's ("Shumate") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Shumate's § 2255 motion.

On January 5, 2009, Shumate pled guilty to one count of possession with the intent to distribute 5 grams or more of cocaine base. On June 8, 2009, Shumate was sentenced to sixty months' imprisonment. Shumate appealed his conviction and sentence on June 17, 2009. The United States Court of Appeals for the Fourth Circuit dismissed Shumate's appeal on June 24, 2009, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. United States v. Shumate, No. 09-4568 (4th Cir. June 24, 2009) (unpublished). Shumate filed the instant § 2255 motion on June 7, 2010.[1] In his § 2255 motion, Shumate alleges ineffective assistance of counsel. (Shumate § 2255 Mot. 6.)

Shumate argues that his counsel was constitutionally ineffective for failing to
object at sentencing pursuant to Fed. R. Crim. P. Rule 32(1) that the two levels
under U.S.S.G. for 2d1.1(b)(1) was incorrect concerning the carry and use prong

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

> under the United States v. Bailey because of this error I am not eligiable [sic] for
> the one year reduction under the DAP 500 hour drug program.[2]

(Id.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Shumate must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Shumate must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Shumate alleges that his counsel was ineffective for failing to object to the two-point enhancement he received pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1). Pursuant to § 2D1.1(b)(1), if "a dangerous weapon (including a firearm) was possessed [during the commission of the charged offense, the district court is to] increase [the offense level] by 2 levels." According to Shumate's Presentence Investigation Report ("PSR"), "[a] search of Shumate's residence revealed a .38 Special pistol and a .22 caliber rifle, Ranger model 35." (PSR ¶ 34.) More specifically, the PSR's recitation of facts state that during the search of Shumate's residence, one .25 caliber live round was found in Shumate's bedroom and "[i]n the master bedroom was a .38 caliber pistol with six live rounds." (Id.)

---

[2] The court notes that this is the extent of Shumate's habeas claim. He provides the court with no further memorandum or explanation of his ineffective assistance of counsel claim.

2

At sentencing, when asked if he and his attorney thoroughly reviewed the PSR, Shumate answered, "Yes, sir." (Sentencing Tr. 2.) When asked if he had any objections to anything contained within the PSR, Shumate responded, "No, sir." (Id.) At no time did Shumate object to the PSR, including the fact that a firearm was found in his bedroom and residence or the imposition of the two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). (internal quotation marks omitted). Furthermore, when asked if he had any complaints of his attorney or anyone else in connection with his case, Shumate answered, "No, sir." (Id.)

The two-point enhancement under § 2D1.1(b)(1) "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1(b)(1) cmt. n.3 (2008). Thus, the enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted). The enhancement does not require "precisely concurrent acts, such as a gun in hand while in the act of storing drugs. Rather, proof of constructive possession of the dangerous weapon is sufficient . . . ." Id. (internal quotation marks and citations omitted).

According to the PSR, on the day of his arrest,

> [w]hen deputies made contact with Shumate, he attempted to flee and lunged from the wheelchair. A deputy observed Shumate throw a white rock-like substance. The deputy retrieved the white rock-like substance, which was later analyzed and determined to be 1.49 grams of crack cocaine. During this time, James Jamison, who was not indicted, quickly walked inside the residence. Deputies made contact with Shumate's mother, Samantha Kane, who was also at the residence. Deputies stood outside the front door and called Jamison outside . . . . Jamison

exited the residence and advised deputies that Shumate handed him a firearm and several pieces of crack cocaine to hide inside the residence. Jamison stated he placed the firearm, a rifle, on the hallway floor and hid the crack cocaine on a shelf in the hallway bathroom. Samantha Kane consented to a search of the residence. Once inside, deputies observed a .22 caliber rifle, Ranger model 35, in plain view in the hallway and crack cocaine residue on the living room floor. Deputies noted there were two bedrooms inside the residence and both doors were locked. Samantha Kane advised the deputies that one of the bedrooms belonged to Mr. Shumate. The residence was secured and a search warrant was obtained.

(PSR ¶ 7.) Additionally,

> [l]ocated inside Shumate's bedroom was a blue triple beam scale, eight spent shell casings, one .25 caliber live round, a box of plastic baggies, a measuring cup that contained cocaine residue, $102.00 in United States currency, a plastic bag that contained a green plant-like material, and a plastic bag that contained a white rock-like substance.

(Id. ¶ 9.) "In the master bedroom was a .38 caliber pistol with six live rounds." (Id. ¶ 10.)

"[T]he proximity of guns to illicit narcotics can support a[n] . . . enhancement of a defendant's sentence under section 2D1.1(b)(1) . . . . Similarly, firearms that are readily accessible during drug activities can be deemed as possessed in connection there-with." Manigan, 592 F.3d at 629 (internal quotation marks and citations omitted). "[S]o long as a firearm's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business, there will be sufficient evidence to connect the weapon [ ] to the offense conduct." Id. (internal quotation marks omitted). Based on the facts surrounding Shumate's arrest, it is evident that two handguns were in his constructive possession and in close proximity to the illegal controlled substances. Therefore, Shumate has failed to provide sufficient evidence that his counsel's failure to object to the two-point enhancement under § 2D1.1(b)(1) was objectively unreasonable.

Based on the foregoing, the court finds that Shumate's ineffective assistance of counsel claim is without merit.

It is therefore

**ORDERED** that Shumate's § 2255 motion, docket number 46, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Shumate has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.


s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 8, 2010

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedur